(112 App. Div. 327)

### ZAHLER v. ARKIN.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EXECUTION—EVIDENCE.

In an action for alleged breach of a contract of employment, evidence *held* insufficient to sustain a finding that a contract of employment for a specified period or longer than from week to week had been made.

Appeal from Municipal Court of New York.

Action by Joseph Zahler against Morris Arkin. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Maurice J. Katz, for appellant.
Clyde E. Black, for respondent.

WOODWARD, J. The plaintiff brings this action for an alleged breach of contract of employment, and the only question involved upon this appeal which calls for consideration is whether the contract alleged by the plaintiff was actually made. The plaintiff answered an advertisement appearing in the New York World for a cutter, and it is not disputed that he was put at work by the defendant, that he was employed the greater part of two weeks, and that he was paid at the rate of $18 per week for one week, and at the rate of $20 per week for the next week, when he was discharged by the defendant. The plaintiff alleges that after he had worked two days he had a talk with the defendant, in which the question of wages was considered and agreed upon, and that it was agreed that the plaintiff should have $18 per week for the first week, after that he should have $20 per week, and that the employment should continue from the date of the employment, April 6, 1905, to the 1st of July of that year, upon the terms named. The defendant admits the employment and the rate of wages agreed upon, but denies that there was any definite term, except by the week. He was permitted to testify, without objection, that he never employed any one except by the piece or by the week, and defendant's wife, who appears to have had charge of the work that was being done by the plaintiff (that of cutting lawn shirt waists), testifies that the contract was by the week, and a disinterested witness testifies that she heard the original conversation between the plaintiff and the defendant in reference to wages, but that she heard nothing in reference to the employment extending to the 1st of July. A contract contemplates always that the minds of the parties must have met—that there must have been a mutual agreement—and it seems to me that the plaintiff has failed to show by a fair preponderance of the evidence that defendant ever entered into a contract of employment for the time between the 6th day of April and the 1st day of July, 1905. The evidence is undisputed that there was a considerable dull season intervening, and the defendant is supported in his denial of the plaintiff's version of the contract by two persons who were present, or who were in a position to hear what was said, and when this is taken into consideration, in connection with the customary method of employment, as testified to by the defendant with-

out objection and without contradiction, it seems clear that the plaintiff has failed to establish his case by the weight of evidence. The week is the unit of compensation agreed upon. It appears to have been the term of employment prevalent in that establishment when the work was not done by the piece. The business appears to have been dependent upon seasons to a considerable extent, and to rely upon orders which might or might not materialize, and it is hardly probable that the defendant, who had conducted his business generally upon the basis of weekly employment, would have entered into a contract of several months duration with a stranger after two days trial. It may be that the plaintiff did say to the defendant that he was a married man, and that he must have steady employment, and the defendant may have acquiesced in the general proposition; but that does not constitute a contract unless the defendant agreed that he would afford such steady employment for some definite time. The latter says that he made no such contract, and in this he is corroborated by his wife and another witness, though it must be admitted that the testimony of the operative was somewhat weakened by her admission that she did not hear all of the conversation. But, taking all of the probabilities into consideration, in connection with the positive testimony of the defendant and his wife, I am convinced that the weight of evidence is against the plaintiff, and that the judgment should be reversed. The defendant ought not to be called upon to pay for services which he has never had, unless it clearly appears that he made the contract which the plaintiff alleges. The defendant's version is entirely reasonable. It appears to be in harmony with the system of doing business in the establishment, and the burden of proving the contract, in violation of the established custom, is fairly upon the plaintiff, who stands uncorroborated either by direct or circumstantial evidence. The defendant had the plaintiff's services, and paid him in harmony with the terms of the contract as he alleges it to have been, and the plaintiff's theory is not supported by sufficient evidence to warrant this court in upholding the judgment.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.